T.C. Summary Opinion 2009-64

UNITED STATES TAX COURT

MOSES JOHNSON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23240-07S.                    Filed May 5, 2009.

Moses Johnson, pro se.

Olivia J. Hyatt, for respondent.

GUSTAFSON, Judge:  This case was heard pursuant to the
provisions of section 7463[1] in effect when the petition was
filed.  Pursuant to section 7463(b), the decision to be entered
is not reviewable by any other court, and this opinion shall not
be treated as precedent for any other case.

_____

[1]Unless otherwise indicated, all citations of sections refer
to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for
the tax year at issue, and all citations of Rules refer to the
Tax Court Rules of Practice and Procedure.

The Internal Revenue Service (IRS) determined a $1,534 deficiency in petitioner Moses Johnson's 2005 Federal income tax. The issues for decision are: (i) whether Mr. Johnson had unreported income in 2005 from five sources (ABC HR Services, L.L.C., Augusta Temporaries, the Georgia Department of Labor, Social Security, and the Georgia Bank & Trust Co.); and (ii) whether income that Mr. Johnson earned and reported in 2004 was wrongly and duplicatively attributed to him in 2005. We find that (i) Mr. Johnson did have unreported income in 2005 from those five sources, and (ii) the income he earned and reported in 2004 was not wrongly and duplicatively attributed to him in 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts filed December 8, 2008, and the attached Exhibits 1-J and 2-J are incorporated herein by this reference. Exhibits 3-J, 4-J, 5-P, and 6-P were received into evidence at trial; and Exhibits 7-J, 8-J, and 9-J were received into evidence by the Court's order dated March 4, 2009.[2] At the time that he filed his petition, Mr. Johnson resided in Georgia.

---

[2] Exhibits 7 through 9 bear the suffix "-J" because respondent initially proposed them as joint exhibits. However, they were ultimately received into evidence on respondent's motion and over petitioner's objection, so they are not joint exhibits. To enable petitioner to compare the wage amounts for 2004 and 2005, which are confusingly similar, we cite the exhibits in this opinion.

Mr. Johnson's Income for 2004

Although the year at issue is 2005, the following facts for tax year 2004 are relevant here. During 2004 Mr. Johnson received $16,182.39 of income from Augusta Temporaries, as is shown in its detailed payroll record (Ex. 8-J). Accordingly, his employer (under the name Augusta Staffing) issued him a Form W-2, Wage and Tax Statement (Ex. 7-J, second page), in the amount of $16,182. On April 15, 2005, Mr. Johnson timely filed his 2004 Form 1040, U.S. Individual Income Tax Return (Ex. 7-J), on which he reported as income the $16,182 shown on that Form W-2. There is no dispute about this 2004 income or Mr. Johnson's reporting of it.

Mr. Johnson's Income for 2005

During 2005 Mr. Johnson received (1) $145 of income from ABC HR Services, L.L.C.; (2) $1,088 of unemployment compensation from the Georgia Department of Labor;[3] (3) $5,644 of Social Security benefits, of which a portion is taxable pursuant to section 86; (4) $22 of interest income from the Georgia Bank & Trust Co.; (5) $6,809.61 from Augusta Temporaries (Ex. 6-P); and (6) $16,624.48 of wages from International Paper, as is shown on its detailed payroll record (Ex. 9-J).[4]

_____

[3]Unemployment compensation is taxable pursuant to section 85.

[4]The International Paper payroll record (Ex. 9-J) shows
(continued...)

On April 15, 2006, Mr. Johnson timely filed his 2005 Form 1040, on which he reported item 6 above--i.e., $16,624 as shown on a Form W-2 (Ex. 5-P) issued by Augusta Staffing for Mr. Johnson's work at International Paper.  However, he did not report on his return items 1 through 5 listed above.  Mr. Johnson has stipulated that he received those unreported amounts, and it is undisputed that he did not report them.

The IRS mailed Mr. Johnson a statutory notice of deficiency for tax year 2005 on August 20, 2007, adjusting Mr. Johnson's income upward by $9,137 and determining an income tax deficiency of $1,534.  On October 9, 2007, Mr. Johnson timely filed his petition in this Court seeking redetermination of that deficiency.  A trial was held on December 8, 2008, in Columbia, South Carolina.

## Discussion

### I.  Allegations of the Parties

Respondent determined that Mr. Johnson had unreported income in 2005 from five sources and that the correction of this omission increases Mr. Johnson's income by $9,137.  Mr. Johnson admits that he had income from these sources in the amounts that respondent determined and failed to report it.  However, Mr.

---

[4](...continued)
gross wages of $17,027.27.  However, it shows taxable wages of $16,624.48, which corresponds to the $16,624 amount that appears as wages in box 1 on the Augusta Staffing Form W-2.

Johnson contends that a greater amount--approximately $16,000 of income that he earned and reported in 2004--was wrongly and duplicatively attributed to him in 2005, and thus, he was taxed twice on the same income. Specifically, Mr. Johnson alleges that Augusta Staffing erred in sending him the 2005 Form W-2 (Ex. 6-P) which shows that he received $16,624.48 of income in 2005, because (he says) he did not earn that amount in 2005. Instead, Mr. Johnson argues that he earned that income in 2004 and that Augusta Staffing mistakenly restated that same income on a Form W-2 for 2005.

## II. The 2005 Form W-2 Is Not Duplicative

Mr. Johnson is certainly right that "as a general proposition taxpayers should not be twice taxed on the same income". See Seltzer v. Commissioner, T.C. Memo. 1996-240, affd. without published opinion 124 F.3d 205 (7th Cir. 1997). However, Mr. Johnson bears the burden of proof,[5] and he has failed to show that all or a part of the $16,624 of income from Augusta Staffing shown on the 2005 Form W-2 is duplicative of the $16,182 of income from Augusta Staffing shown on the 2004 Form W-2.

---

[5]Mr. Johnson has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. He therefore bears the burden of proof. See Rule 142(a)(1).

The only evidence that Mr. Johnson provided in support of his contention that he did not receive the $16,624 of income from Augusta Staffing in 2005 was his testimony:

> MR. JOHNSON:  The $16,000 that year, I didn't receive it in '05.  I received it in '04.  That money I work in 04.  I work from January through September '04.  I was laid off in '04.  That's when I received that money I filed in '05.
>
> THE COURT:  So you're saying that the company made a mistake in issuing a 2005 W-2 in the amount of 16,624?
>
> MR. JOHNSON:  That's what it seems, because the income that I earned -- the income that I earned in '04 is 16,000, because I was laid off the job September 6. That's why I do remember that, because I drew unemployment.  [Emphasis added.]

In contradiction of this testimony, however, the record includes Forms W-2 from Augusta Staffing showing that Mr. Johnson received $16,182 of income in 2004 (Ex. 7-J, second page) and $16,624 of income in 2005 (Ex. 5-P).  If the numbers on these Forms W-2 had been identical, then Mr. Johnson's allegation that the 2005 amount is duplicative of the 2004 amount might have been more convincing.  However, the $442.09 difference between the amounts shown on the two Forms W-2 demonstrates that Augusta Staffing did not simply issue the same Form W-2 twice.  That difference is therefore some evidence that the 2005 Form W-2 was not the result of a duplication error.

More important, the record includes payroll records for Mr. Johnson's employment in 2004 (Ex. 8-J) and 2005 (Ex. 9-J), and these records show that he did indeed receive wages of

$16,182.39 in 2004 and wages of $16,624.48 in 2005--the same amounts that appear on the two Forms W-2. These payroll records show the pay periods during which Mr. Johnson worked and the amounts that he was paid for those periods. The periods and amounts shown for 2005 are not duplicates of those shown for 2004; they are entirely different.

## Conclusion

In view of this documentary evidence, Mr. Johnson's uncorroborated testimony is insufficient to carry his burden of proof. We conclude that his recollection is faulty; and we hold that, although he may have forgotten it, Mr. Johnson did receive $16,624.48 of income from Augusta Staffing in 2005. We also hold (as the parties have stipulated) that Mr. Johnson had unreported income in 2005 from ABC HR Services, L.L.C., Augusta Temporaries, the Georgia Department of Labor, Social Security, and the Georgia Bank & Trust Co. in the amounts determined in the notice of deficiency.

To reflect the foregoing,

Decision will be entered for respondent.